[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FOR THE FILE
This condemnation appeal was referred to us as a three-judge panel by order of the Court, M. Hennessey, J. In conformance with that order we assigned the case for hearing on June 9, 1992.
At the hearing Mr. Tedford, Assistant Attorney General expressed the belief of his department and that of the Commissioner's Office that our approval of the assessment of damages was not required. He pointed out there was no statutory authority for us to act in view of the withdrawal of the case. He further stated that they felt there were sufficient checks and balances in place. See General Statute 13a-73(h).
The so-called "voucher" statute, General Statute13a-74, provides for approval of an assessment by a state referee under certain circumstances. Whether the Commissioner should proceed under that Statute is a matter for him and the Attorney General's office to decide. CT Page 5854
As for our role in the matter, we feel that the matter is no longer before us because the case has been withdrawn and because we lack statutory authority to act.
John M. Alexander State Attorney Referee
Harold M. Missal State Attorney Referee
Simon S. Cohen State Attorney Referee